IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.  10-60002-01 WEB |
| ) | |
| KURT URBANEK, ) | |
| ) | |
| Defendant. ) | |

ORDER

This matter is before the court on defendant Kurt Urbanek's Motion for Early Discharge from Supervised Release (Doc. 4), pursuant to 18 U.S.C. § 3583(e).

The defendant was originally charged in the Western District of Washington.  On January 2, 2008, he entered a guilty plea to one count of Possession of a Firearm with an Obliterated Serial Number and one count of Passing Counterfeit Obligations of the United States.  Mr. Urbanek was sentenced on August 25, 2008, to 14 months of custody followed by a three year term of supervised release.  He was also ordered to pay a $200.00 special assessment, which has been satisfied.  In addition to the standard conditions of supervision, Mr. Urbanek was ordered to participate in a program for substance abuse and abstain from alcohol during the course of his supervision; submit to a search by the probation office; participate in a program for mental health; and provide access to any financial information.

Mr. Urbanek commenced supervised release on October 1, 2009, and has a scheduled supervision expiration date of September 30, 2012.  Jurisdiction over his supervision was transferred to this district on January 13, 2010.  Doc. 1.  His attorney has filed a Motion for Early Termination Supervised Release because the defendant desires to enter a treatment facility at the VA Medical Center in Topeka, Kansas.  The motion asserts that "[i]n order for Mr. Urbanek to

enter this program he cannot be on supervision." Doc. 4, p. 2.

Title 18 U.S.C. § 3583(e), authorizes a Court to terminate a term of supervised release at any time after one (1) year, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

The U.S. Probation Office reports that Mr. Urbanek has maintained a stable residence in his parents' home and receives military disability. For the duration of his supervision, he has been involved in comprehensive treatment with the Veteran's Administration (VA). Counseling services have addressed both poly-substance abuse issues and mental health issues related to a diagnosis for Post-Traumatic Stress Disorder (PTSD).

However, the court is aware that Mr. Urbanek has a pending charge for Driving Under the Influence in Wichita Municipal Court (Case Number 10DU001043). A jury trial is currently schedule for September 1, 2011. After the DUI arrest, this court modified the conditions of supervised release to require alcohol monitoring through electronic monitoring/sobrietor testing for up to 120 days. The court has been advised that Mr. Urbanek completed this obligation, although he did have one schedule violation.

Defense counsel has submitted a letter (Doc. 4, Ex. 1) written by the defendant's primary counselor at the VA, Dr. Jeremy Crosby. He supports Mr. Urbanek's participation in the inpatient PTSD treatment program. Mr. Urbanek reports that he has applied for the treatment, but has been denied based on unresolved legal issues.

The Court has been advised by the Probation Office that Mr. Urbanek's term of federal supervised release is not necessarily a barrier to his admission to the VA program, except to the extent that it *might* effect the resolution of his DUI case. The Probation Department has stated that they support the treatment plan, and if the defendant remains on supervision, every effort

will be made to assist the VA in implementing the appropriate treatment strategies.

Due to the characteristics of this defendant (including but not limited to his PTSD diagnosis) and his conduct while on supervision (including but not limited to being charged with a DUI despite being ordered to abstain from alcohol consumption), the Court finds that the defendant is not an appropriate candidate for early termination of supervised release at this time.

IT IS HEREBY ORDERED that Defendant's Motion for Early Termination of Supervised Release (Doc. 4) be and hereby is DENIED.

SO ORDERED this  12th  day of August, 2011 in Wichita, Kansas.


s/Wesley E. Brown
Wesley E. Brown
United States Senior District Judge